IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| DENNIS E. WEBB and | CHAPTER 7 |
| MARJORIE M. WEBB, | |
|     Debtors | |
| | CASE NO. 1:13-bk-03036-MDF |
| THOMAS E. WEBB, | |
| KAREN M. FILLMORE and | |
| LAURA C. TAPP, | |
|     Plaintiffs | |
| | |
| v. | ADV. NO. 1:13-ap-00214-MDF |
| | |
| DENNIS E. WEBB, | |
|     Defendant | |

## OPINION[1]

### I. Procedural History

On June 7, 2013, Dennis Webb and Marjorie Webb, husband and wife (the "Debtors"), jointly filed a petition under Chapter 7. On August 29, 2013, Thomas Webb, Karen Fillmore, and Laura Tapp, (collectively the "Plaintiffs") filed a Complaint against Dennis Webb (the "Defendant") to determine the dischargeability of a debt owed to them and listed as unsecured in the amount of $14,250.00 on Debtors' Schedule F. On September 20, 2013, Defendant filed a Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

### II. Factual Background

The Plaintiffs have asserted the following facts. On May 9, 2011, Rebecca Webb (the "Decedent"), died intestate, unmarried, and without children. At the time of her passing,

---

[1] This opinion was prepared with the assistance of Erin Pentz, Legal Extern, Dickinson School of Law.

Decedent owned a life insurance policy issued by the Standard Insurance Company ("Standard"). Decedent and Plaintiffs in this case are the adult children of Defendant. On May 24, 2011, Defendant executed a Disclaimer and Renunciation, through which he disclaimed any right to receive life insurance proceeds or property interests from Decedent's estate. Upon Decedent's death and after execution of the Disclaimer and Renunciation, Defendant submitted a claim for life insurance proceeds to Standard. As a result, Defendant received payment from Standard in the amount of $57,000, totaling fifty percent of the policy proceeds. After learning of Decedent's life insurance policy, Plaintiffs' counsel forwarded the Disclaimer and Renunciation to Standard and requested payment of the policy's proceeds to Plaintiffs and Sharri Kandarczyk, Decedent's surviving siblings.

Defendant filed a Petition to Nullify the Disclaimer and Renunciation with the York County Court of Common Pleas Orphans' Court which was dismissed on December 13, 2012. Standard then paid the remaining fifty percent of the life insurance proceeds to Plaintiffs and Sharri Kandarczyk. Defendant, however, refused to return to Plaintiffs the portion of the life insurance proceeds he received from Standard. Defendant, along with his wife, filed a petition for Chapter 7 relief on June 7, 2013, and they listed an unsecured claim of $14,250 for each Plaintiff on Schedule F. As a result, Plaintiffs filed a Complaint requesting the determination of dischargeability of their claims. Defendant's Motion to Dismiss followed.

### III. Discussion[2]

*A. Motion to dismiss under Fed. R. Civ. P. 12(b)(6)*

A complaint may be dismissed for "failure to state a claim upon which relief can be

---

[2] This court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

granted." Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6) is made applicable to adversarial proceedings in bankruptcy through Federal Rule of Bankruptcy Procedure 7012(b). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Third Circuit has defined a two part process for courts to follow when deciding a motion to dismiss under 12(b)(6). *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate all factual and legal elements of the claim, treating all facts alleged in the complaint as true. *Id.* Second, the court must look to those facts alone to determine whether the allegations give rise to a plausible claim for relief. *Id.* at 210-11.

Ultimately, a complaint must do more than merely allege an entitlement to relief. *Id.* at 211. Rather, the complaint must show such an entitlement with facts sufficient to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This determination is context-specific and requires the "court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 664.

I will apply these standards of review to the allegations in the Complaint.

*B. Nondischargeability under Section 532(a)(6)*

Plaintiffs assert their claim for relief under §523(a)(6) of the Bankruptcy Code. Section 523(b)(6) states that "a discharge under section 727 [...] of this title does not discharge an individual debtor from any debt [...] for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. §523(a)(6).

The Supreme Court has recognized that conversion is an injury to property that falls within the exception to discharge if it is done willfully and maliciously. *Davis v. Aetna*

*Acceptance Co.*, 293 U.S. 328, 332 (1934); *see also In re Coley*, 433 B.R. 476, 500 (Bankr. E.D. Pa. 2010). Under Pennsylvania law, conversion occurs when "a defendant deprives a plaintiff of his right to a chattel or interferes with the plaintiff's use or possession of a chattel without the plaintiff's consent and without lawful justification," provided that the plaintiff had actual or constructive possession or an immediate right to possession of the chattel at the time of the alleged conversion. *Chrysler Credit Corp. v. Smith*, 643 A.2d 1098, 1100 (Pa. Super. 1994) (citing *Stevenson v. Economy Bank of Ambridge*, 197 A.2d 721, 726 (Pa. 1964)); *Eisenhauer v. Clock Towers Assoc.*, 582 A.2d 33, 36 (Pa. Super. 1990)). Not all conversions will result in nondischargeability under section 523(a)(6). Consideration must be given to the circumstances of the conversion because the act may be "unexcused and wanton" or may be simply an innocent "unauthorized assumption of dominion without willfulness or malice." *Davis v. Aetna Acceptance Co.*, 293 U.S. at 332 (citations omitted).

Addressing willfulness, the Supreme Court has stated that nondischargeability requires "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis original). The Third Circuit has explained further, holding that "actions are willful and malicious within the meaning of §523(a)(6) if they either have a purpose of producing injury or have a substantial certainty of producing injury." *Conte v. Gautam (In re Conte)*, 33 F.3d 303, 307 (3d Cir. 1994). Maliciousness does not require a showing of "personal hatred, spite or ill-will." *In re Jacobs*, 381 B.R. 128, 136 (Bankr. E.D. Pa., 2008) (citing *Collier on Bankruptcy* ¶523.12[2], at 523-92.4 (15th rev. ed. 2007)). Rather, an injury rises to the level of "malicious" if it was caused by a wrongful act and done without just cause or excuse. *In re Coley*, 433 B.R. at 498.

Turning to the facts before the court, the question is not whether Defendant willfully and

maliciously converted the insurance proceeds, but whether Plaintiffs have alleged sufficient facts that, if true, would establish that Defendant voluntarily committed an act he knew to be wrong and he knew to be substantially certain to produce injury. Defendant avers that Plaintiffs have failed to support the allegations of willfulness and maliciousness. (Def. Mot. to Dismiss, ¶C.)

Plaintiffs allege in their complaint that Defendant executed a Disclaimer and Renunciation by which he "disclaimed and renounced any right, title and/or interest that he had in the property passing through the estate or by virtue of the decedent's death." (Compl. ¶17; *see also* Compl. Ex. C. ¶1.) Plaintiffs also aver that after executing the Disclaimer and Renunciation, Defendant received, processed, and returned paperwork to Standard, resulting in payment to Defendant of $57,000 in life insurance proceeds "despite knowing that he had disclaimed and renounced any right title and/or interest that he had in the Decedent's life insurance policy." Compl. ¶¶18, 29. Subsequently, Defendant sought to nullify the Disclaimer and Renunciation with the York County Orphans' Court, but his petition was dismissed. Compl. ¶20. Finally, Plaintiffs allege that "Defendant knew that Plaintiffs were entitled to the life insurance proceeds since he had disclaimed his interest in them," and yet, Defendant refused to return the proceeds to Plaintiffs. Compl. ¶22, 36.

Accepting these facts as true, the court finds that Plaintiffs have plead sufficient facts to survive a motion to dismiss for failure to state a claim upon which relief can be granted. If, as alleged, Defendant knew he was not entitled to the life insurance proceeds and knew that the Plaintiffs were so entitled, it is reasonable to infer that Defendant knew his collection of the proceeds deprived Plaintiffs of their receipt and use. Further, Defendant's failed attempt to nullify the Disclaimer and Renunciation suggests that, at the very least, he was aware of the legal effect of the document after the Orphans' Court's dismissal of his petition. Accordingly,

Plaintiffs have provided a sufficient factual basis to raise a right to relief above the speculative level by showing both willfulness and maliciousness in Defendant's injury to Plaintiffs.

## IV. Conclusion

For these reasons, Defendant's motion to dismiss will be denied and Defendant is directed to serve an answer to the complaint. An appropriate order will be entered.

By the Court,

Date: October 30, 2013

*Mary D. France*
Chief Bankruptcy Judge
(JK)